Nathaniel CRUZ, Plaintiff,

v.

MARITIME COMPANY OF PHILIPPINES, Defendant.

No. 80 Civ. 6599(PNL).

United States District Court, S.D. New York.

March 13, 1987.

See also, 2nd Cir., 702 F.2d 47.

Florrie L. Wertheimer, New York City, for plaintiff.

Healy & Baillie, New York City (John P. James, of counsel), for defendant.

LEVAL, District Judge.

Plaintiff Nathaniel Cruz sues to recover damages for personal injuries sustained while serving aboard a vessel owned and operated by the defendant. On October 12, 1982, I dismissed the action on the ground of forum non conveniens, stating that "plaintiff may apply for reinstatement of the action upon a showing that it has not been possible to assert jurisdiction over the defendant in an appropriate forum in the Philippines." 549 F.Supp. 285, 291 (S.D.N.Y.1982). A Philippine court subsequently dismissed a suit by plaintiff against the defendant, and plaintiff now moves for reinstatement of its action here. The motion is denied because it was plaintiff who procured the dismissal of his suit in the Philippines.

The background of the case is set forth in my Opinion and Order of October 12, 1982. On March 15, 1985, plaintiff filed suit in the Regional Trial Court of the Republic of the Philippines. His complaint sought actual and punitive damages for injuries allegedly suffered as a result of defendant's negligence, along with court costs and attorney's fees.

Plaintiff moved on September 9, 1985 in that court to dismiss his action without prejudice to the reinstitution of the suit in the United States. He argued that trial in New York or New Jersey would be more convenient for himself and witnesses and would allow the court to inspect the place where the negligence and injury occurred.

The Philippine court granted plaintiff's motion on September 13, 1985. The court later issued an explanatory order stating that it was plaintiff's prerogative to have the suit dismissed since defendant had not yet filed its answer. The court further stated that its dismissal on the ground of forum non conveniens was based on plaintiff's motion.

I can hardly infer from the Philippine Regional Trial Court's orders that it was impossible for plaintiff to assert jurisdiction over defendant in that court. If anything, those orders suggest that the court would have adjudicated plaintiff's claim had he not moved to dismiss his own lawsuit.

Moreover, another appropriate Philippine forum remains open to plaintiff. Indeed, a letter submitted by plaintiff from the Director of the Philippine Overseas Employment Administration (POEA) states that the agency "has exclusive and original jurisdiction to try and decide ... disability ... claims filed by Filipino workers ... when said workers are employed overseas, provided that this involves the employer-employee relationship and that the same arose out of or by virtue of any law or contract."

Plaintiff argues that the POEA has no jurisdiction over his claim because he had no written contract of employment. The POEA letter makes no such distinction between oral and written contracts, however, and plaintiff advances no authority whatsoever for the proposition that the POEA's jurisdiction is so limited.

Defendant, on the other hand, has submitted affidavits from Manuel Collado, a POEA hearing officer, and Reynaldo Alcantara, a practicing attorney in the Philippines. Both state that the POEA has exclusive jurisdiction to decide claims by Filipino seamen involving an employer-employee relationship. Mr. Alcantara declares specifically that the POEA has jurisdiction over plaintiff's claim notwithstanding that he did not sign a written contract of employment.

The Director does state that the agency cannot try claims sounding in "quasi-delect" and cannot award "moral or exemplary damages."[1] Nonetheless, the POEA can award compensation for medical costs and lost earnings. The Director's letter notes, moreover, that "[a] disabled seaman can file a tort/negligence claim based on quasi-delect with our civil courts (Regional Trial Court)."

Finally, plaintiff relies on the statement of Primitivo DeLeon, a Filipino attorney now practicing in New York, that the jurisdiction afforded the POEA upon its establishment in 1982 is not retroactive to November 12, 1980, when plaintiff was injured. Mr. Alcantara flatly contradicts this assertion. In *Atienza v. Philimare Shipping & Equipment Supply & Transocean Lines Pte. Ltd.*, POEA Case No. (M)766–83 (11/6/84), the agency resolved a claim by the heirs of a seaman who had died on May 12, 1981. Plaintiff has failed to demonstrate that the POEA lacks jurisdiction to resolve claims arising prior to 1982.

Defendant remains willing "to submit to the jurisdiction of any Philippine tribunals having jurisdiction over the case, and to waive any defenses based on statutes of limitations or laches."[2] I conclude that two appropriate Philippine forums are available to determine plaintiff's claim. It appears that plaintiff's procurement of the dismissal of his action in the Philippine Regional Trial Court was merely a ruse to force the U.S. Court to accept jurisdiction.

Plaintiff's motion to reinstate this action is accordingly denied.

SO ORDERED.

---

1. "Moral damages" include consequential damages (except for lost earnings) and compensation for pain and suffering. "Exemplary damages" are punitive damages.

2. Letter of February 6, 1986 from defense counsel to the court.